```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

ZENA PITTS,

    Plaintiff,
v.                                Case No. 8:21-cv-2033-VMC-CPT

GEOVERA SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Plaintiff Zena Pitts' Motion for Remand (Doc. # 10), filed on August 26, 2021. Defendant GeoVera Specialty Insurance Company responded on September 8, 2021. (Doc. # 17). For the reasons that follow, the Motion is denied.

**I. Background**

Pitts initiated this declaratory judgment action regarding insurance coverage against GeoVera in state court in January 2021. (Doc. # 1-4). During the litigation, in March 2021, Pitts demanded $70,000 to settle the case. (Doc. # 1 at 5). While in state court, GeoVera engaged in motion practice, including filing a motion to dismiss/motion for summary judgment and a motion for sanctions in April 2021. (Id.).

Months later, on June 24, 2021, Pitts sent a demand letter to GeoVera, demanding $100,000.00 to settle the case. (Doc. # 10-1). The letter noted that this $100,000 amount "include[d] all outstanding fees and costs to date." (Id. at 2).

After receiving the letter, GeoVera "specifically requested that counsel for [Pitts] itemize its new demand and identify actual incurred attorneys' fees to date." (Doc. # 1 at 6). Pitts then provided the following breakdown of her settlement demand on August 20, 2021:

Indemnity: $55,264.00

Fees and costs to date: $31,736.00

Bad Faith Consideration: $13K

(Id. at 7; Doc. # 17-1 at 1).

GeoVera then removed the case to this Court on the basis of diversity jurisdiction on August 23, 2021. (Doc. # 1). Now, Pitts argues that the case should be remanded. (Doc. # 10). GeoVera has responded (Doc. # 17), and the Motion is ripe for review.

II.  **Legal Standard**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court

not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires that the action is between "citizens of different States" and that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

### III. **Analysis**

Pitts argues that this case should be remanded to state court for multiple reasons. The Court will address each argument in turn.

### A. Timeliness

"A state court defendant may remove a case to federal court at two procedurally distinct moments in time." Exum v. State Farm Fire & Cas. Co., 821 F. Supp. 2d 1285, 1289 (M.D. Ala. 2011)(citing 28 U.S.C. § 1446(b)). "First, if it is facially apparent from the initial pleading that subject matter jurisdiction exists, the first paragraph of § 1446(b) provides the procedure for removal." Id. "However, '[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" Id. (quoting § 1446(b)).

First, Pitts argues that the removal of this case was untimely because GeoVera removed the case more than 30 days after receiving "other paper" showing the case was removable. (Doc. # 10 at 1-2). Specifically, Pitts argues that the 30-day deadline to remove the case began to tick on June 24, 2021, when Pitts sent her demand letter for $100,000. (Id.). In response, GeoVera persuasively asserts that removal was timely because the bald demand for $100,000 was too speculative to support removal until GeoVera obtained the

4

itemization of the claimed damages on August 20, 2021. (Doc. # 17 at 5-7).

The Court agrees with GeoVera. See McCormack v. USAA Cas. Ins. Co., No. 3:21-cv-43-MMH-JBT, 2021 WL 717538, at *3 (M.D. Fla. Feb. 24, 2021)(noting that "a [settlement] demand for a lump sum amount 'without the slightest suggestion how in the world the plaintiff[ ] could support such a figure,' is considered nothing more than mere posturing" and is insufficient to establish the amount in controversy requirement (citation omitted)). Given the large jump in the settlement demand from $70,000 in March 2021 to $100,000 in June 2021, GeoVera reasonably requested an itemization of the alleged damages and attorney's fees before removing the case so that it could establish the amount in controversy with the degree of specificity required by this Court. In short, the itemization of damages provided on August 20 was the first "other paper" from which GeoVera could reasonably ascertain that the amount in controversy requirement was met. And the Court notes that GeoVera removed the case only three days after Pitts provided the damages itemization that established the amount in controversy to be $87,000.

Thus, the removal was timely, and the Motion is denied as to this argument.

### B. Waiver

Next, Pitts argues that GeoVera has waived its right to remove the case because it has "sought affirmative relief from the Florida Trial Court on numerous occasions." (Doc. # 10 at 2).

"Litigating a case on the merits at the state court level effectively waives the defendant's right to remove a state court action to federal court." Del Rio v. Scottsdale Ins. Co., No. 6:05-cv-1429-PCF-JGG, 2005 WL 3093434, at *5 (M.D. Fla. Nov. 18, 2005). "In order to waive the right to removal in this manner, however, a defendant must proceed in state court despite having notice of its right to remove the case." Id. "A party may waive the right to remove to federal court where, after it is clear that a case is removable, the defendant takes action in state court that manifests its intent to have the matter adjudicated there and to abandon its right to proceed in federal court." Id. "A defendant is only deemed to have waived its right to remove if, after the right to remove is apparent, it takes 'clear and unequivocal actions' in state court that manifest its intent to have the matter adjudicated there." Id. (citation omitted).

Here, GeoVera has not waived its right to removal. The primary actions taken by GeoVera in state court that Pitts

emphasizes are the filing of the motion to dismiss/motion for summary judgment. (Doc. # 10 at 3). But "[t]he filing of a motion to dismiss in and of itself does not necessarily constitute a waiver of the defendant's right to proceed in the federal forum." Hill v. State Farm Mut. Auto. Ins. Co., 72 F. Supp. 2d 1353, 1354 (M.D. Fla. 1999). Also, these motions were filed in April 2021 — months before GeoVera received the June 24 demand letter or the August 20 breakdown of the demanded damages. (Doc. # 1-6). As these actions were taken before GeoVera's right to removal was established, they do not support that GeoVera waived its right to removal. Nor do the much more minor actions taken by GeoVera in August 2021 (including the attempt to schedule a hearing on an objection and the filing of a motion for protective order) manifest a clear intent to litigate in state court despite GeoVera's right to remove.

Furthermore, the Court does not consider GeoVera's removal of this case to constitute "nothing more than 'an appeal from an adverse judgment of the state court,'" as Pitts maintains. (Doc. # 10 at 4). While the Court acknowledges that the state court magistrate had recommended that GeoVera's motion for summary judgment be denied in June 2021, to which GeoVera objected, the Court does not believe that

the removal of the case to this Court reflects an attempt "to avoid an adverse judgment in Florida State Court." (Id. at 5). This timing is better explained by Pitts' demanding — for the first time — an amount in excess of $75,000 to settle the case in late June 2021, and then providing a breakdown of her damages amount in August 2021.

In short, GeoVera has not waived its right to remove this case to federal court.

### C.   Amount in Controversy

Pitts next argues that GeoVera has not established that the amount in controversy exceeds $75,000 by a preponderance of the evidence. (Doc. # 10 at 5).

The Court disagrees. The June 24 settlement demand, when combined with the August 20 breakdown of the requested damages, establishes that the amount in controversy is $87,000. (Doc. # 1 at 7). This amount is composed of $55,264.00 in damages under the insurance policy and $31,736.00 in attorney's fees and costs incurred prior to removal. (Id.). And, indeed, the amount of attorney's fees and costs incurred before removal can be included in the amount in controversy calculation. See Miller Chiropractic & Med. Centers, Inc. v. Progressive Select Ins. Co., No. 8:16-cv-3034-VMC-MAP, 2016 WL 6518782, at *2 (M.D. Fla. Nov. 3,

2016)("For jurisdictional purposes, the attorney's fees included in the amount-in-controversy calculation are set as of the date of removal."). Thus, the Motion is denied as to this argument.

### D. Diversity

Pitts also contends that GeoVera "has failed to establish the citizenship of both parties." (Doc. # 10 at 7). She argues that the notice of removal, and attached exhibits, do not establish that she is domiciled in, and thus a citizen of, North Carolina. (Id.). She also argues that GeoVera's citizenship is ambiguous. (Id. at 8).

The Court disagrees. GeoVera has sufficiently established the citizenships of both parties. The notice of removal, and attached affidavit of Adam Marchant, establish that GeoVera is a citizen of both Delaware — the state in which it is incorporated — and California — the state in which it has its principal place of business. (Doc. # 1 at 4; Doc. # 1-3); see also Barton v. Nationwide Mut. Fire Ins. Co., No. 2:17-CV-618-SLB, 2021 WL 3514212, at *2 (N.D. Ala. Aug. 10, 2021)("Unlike an individual, a corporation is a citizen for the purposes of diversity jurisdiction in both its state of incorporation and the state where it has its principal place of business."). The Court does not agree

that the fact that GeoVera is licensed to transact business in Florida suggests that GeoVera is a citizen of Florida.

As to Pitts, GeoVera argued in the notice of removal that Pitts "is/was a citizen of North Carolina, and resided in and/or was domiciled in Charlotte, Mecklenburg County, NC with an intent to remain in North Carolina." (Doc. # 1 at 2). "For purposes of diversity jurisdiction, 'citizenship' means 'domicile.'" Audi Performance & Racing, LLC v. Kasberger, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003)(citation omitted). "In fact, it is a party's domicile rather than his residence which is determinative of citizenship for diversity jurisdiction." Id. (citations omitted). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Id. (citation omitted).

Here, GeoVera has provided evidence that Pitts is indeed domiciled in North Carolina. (Doc. # 1-2). Specifically, the Sarasota County Property Appraiser's current records for the Sarasota property at issue in this litigation, the notice of commencement, and the quitclaim deed all state that Pitts' address is in Charlotte, North Carolina. (Id. at 1, 12-13). Additionally, the notary's certification on the mortgage

document reflects that Pitts produced a North Carolina driver's license. (Id. at 10). In the absence of evidence suggesting Pitts is domiciled elsewhere, the Court finds that GeoVera has established that Pitts is domiciled in, and a citizen of, North Carolina. See Audi Performance & Racing, LLC, 273 F. Supp. 2d at 1226 (noting that courts look to "numerous specific objective facts to determine whether a domicile has been established," including "home ownership and ownership of other real property" and "driver's licensing").

Because Pitts is a citizen of North Carolina and GeoVera is a citizen of Delaware and California, complete diversity exists.

### E.   Attorney's Fees

In her Motion, Pitts contends that she is entitled to attorney's fees and costs in bringing this Motion. (Doc. # 10 at 9-12). As the Court has determined that removal was proper and subject matter jurisdiction exists, Pitts is not entitled to her fees and costs.

For its part, GeoVera argues that it is entitled to attorney's fees incurred in responding to the Motion. (Doc. # 17 at 18-19). But GeoVera cites no relevant authority for the proposition that this Court should impose attorney's fees as a sanction on Pitts for moving to remand. Rather, most of

11

the cases cited by GeoVera discuss a plaintiff's bad faith in relation to 28 U.S.C. § 1446(c)(1), which merely creates an exception to the one-year deadline to remove where "the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). This statute is not applicable to this case, in which GeoVera removed within one year of the case's filing. Additionally, 28 U.S.C. § 1447(c) does not support the imposition of attorney's fees on Pitts as that section only permits the imposition of attorney's fees on a removing defendant after a case is remanded. See 28 U.S.C. § 1447(c)("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

Even if GeoVera had cited relevant legal authority, the Court would still decline to impose fees and costs on Pitts. While the Court ultimately denied Pitts' Motion, the Court does not believe that the Motion was filed in bad faith. In particular, Pitts' argument regarding the timeliness of removal was colorable, given that the settlement demand for $100,000 was sent to GeoVera over 30 days before removal.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Zena Pitts' Motion for Remand (Doc. # 10) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of September, 2021.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE