UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZENA PITTS,

    Plaintiff,

v.                                    Case No. 8:21-cv-2033-VMC-CPT

GEOVERA SPECIALTY
INSURANCE COMPANY,

    Defendant.

_____/

## **ORDER**

This matter is before the Court on consideration of United States Magistrate Judge Christopher P. Tuite's Report and Recommendation (Doc. # 83), filed on September 7, 2022, recommending that Plaintiff's Motion to Strike Untimely Disclosed Summary Judgment Evidence from Defendant's Motion for Summary Judgment (Doc. # 52) be denied, Plaintiff's Motion for Summary Judgment (Doc. # 54) be denied, Defendant's Motion for Summary Judgment (Doc. # 51) be granted in part and denied in part, and judgment be entered in Defendant's favor and the case be closed.

Plaintiff filed an objection, arguing that summary judgment should be granted in her favor. (Doc. # 84). Defendant has responded to the objection. (Doc. # 88). Upon

review, the Court adopts the Report and Recommendation in full and overrules the objection.

**<u>Discussion</u>**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732 (11th Cir. 1982). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a *de novo* review with respect to that factual issue. <u>Stokes v. Singletary</u>, 952 F.2d 1567, 1576 (11th Cir. 1992). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See <u>Cooper-Houston v. S. Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994); <u>Castro Bobadilla v. Reno</u>, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), <u>aff'd</u>, 28 F.3d 116 (11th Cir. 1994).

After conducting a careful and complete review of the findings, conclusions, and recommendations, and giving *de novo* review to matters of law and fact, the Court accepts the factual findings and legal conclusion of the Magistrate Judge and overrules Plaintiff's objection. The Court agrees with the Magistrate Judge that there is no ambiguity in the

insurance policy regarding the availability of access-to-repair coverage and the state trial court decisions cited by Plaintiff do not mandate that conclusion.

Plaintiff's policy does not provide separate and distinct coverage for access-to-repair costs. See Panettieri v. People's Tr. Ins. Co., 344 So. 3d 35, 39–40 (Fla. 4th DCA 2022) ("[T]ear out coverage is *included as part* of the loss to property unless the loss is excluded. Therefore, no separate and distinct coverage exists for tear out costs apart from water damage, as Insured argues."); Floyd v. GeoVera Specialty Ins. Co., No. 3:18-cv-992-TJC-JBT, 2020 WL 998690, at *4 (M.D. Fla. Mar. 2, 2020) (explaining that "[o]nce coverage is triggered for water damage under the 'Exception To c.(6),' the Policy offers additional coverage for costs related to the deteriorated plumbing system," including "the cost to tear out and repair portions of the home necessary to access the deteriorated parts of the plumbing system that caused the loss"). Thus, because the policy precluded coverage for the water damage at Plaintiff's rental property, she cannot recover access-to-repair costs. See Herrington v. Certain Underwriters at Lloyd's London, 342 So. 3d 767, 770 (Fla. 4th DCA 2022) ("Insured argues that 'tear out' expenses are not 'damages' and thus not subject to the endorsement

limitation. We disagree. The policy language covers 'loss caused by the water *including the cost of tearing out'* parts of the structure to repair the system which leaked. 'Tear out' costs are thus part of the water damage loss. Therefore, the endorsement limiting all water damage loss includes tear out expenses."). Defendant is entitled to summary judgment on Plaintiff's claim.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   The Report and Recommendation (Doc. # 83) is **ADOPTED.**

(2)   Defendant GeoVera Specialty Insurance Company's Motion for Summary Judgment (Doc. # 51) is **GRANTED** in part and **DENIED** in part as described in the Report and Recommendation.

(3)   Plaintiff Zena Pitts' Motion to Strike Untimely Disclosed Summary Judgment Evidence from Defendant's Motion for Summary Judgment (Doc. # 52) is **DENIED.**

(4)   Plaintiff Zena Pitts' Motion for Summary Judgment (Doc. # 54) is **DENIED.**

(5)   The Clerk of Court is directed to enter judgment in Defendant GeoVera Specialty Insurance Company's favor and, thereafter, to close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>6th</u>

day of October, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE