UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZENA PITTS,

     Plaintiff,

v.                                     Case No. 8:21-cv-2033-VMC-CPT

GEOVERA SPECIALTY
INSURANCE COMPANY,

     Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Before me on referral is Defendant GeoVera Specialty Insurance Company's (GeoVera) motion for a determination of its entitlement to attorneys' fees and costs and for the taxation of costs. (Doc. 94). For the reasons discussed below, I respectfully recommend that GeoVera's motion be granted in part and denied in part.

I.

The background of this case is set forth in detail in a prior report and recommendation (R&R) adopted by the Court (Docs. 83, 92) and therefore need only be summarized here with some supplementation. Pitts is the owner of a rental property located in Sarasota, Florida, which she insured with GeoVera for a period of time, including from May 2020 through May 2021. (Doc. 83 at 1). In addition to her

policy with GeoVera, Pitts had a home warranty policy for the rental property with ARW Home Service Company, LLC between 2015 and at least December 2020. *Id.* at 2.

Beginning in September 2019 and continuing throughout the following year, Pitts experienced a number of plumbing issues in one of the bathrooms at her property. *Id.* at 2–4. During this time frame, Pitts renewed her policy with GeoVera. *Id.* at 2–3. Of import here, Pitts's renewed policy included an endorsement titled "Water Damage Exclusion and Limited Named Peril Coverage" (hereinafter, Water Damage Endorsement), which restricted Pitts's water damage coverage "to only water damage resulting from a covered loss caused by [one of nine] named peril[s]." *Id.*

Pitts's plumbing problems culminated in December 2020, when the tenant at her property complained that water was running from the bathroom into the hallway while the tenant was showering. *Id.* at 4. This water overflow incident was apparently due to a leak or some other failure in the plumbing system stemming from wear and tear and, according to Pitts, resulted in water damage in the hallway and other portions of the home. *Id.*

A few days later, Pitts filed a claim with GeoVera for "water overflow and/or accidental discharge" into the residence. *Id.* As part of this claim, Pitts requested compensation for the damage caused by the water, as well as for the costs to tear out the drywall and flooring materials so that the plumbing line could be accessed and repaired (otherwise known as "access-to-repair" costs). *Id.* GeoVera investigated the matter and notified Pitts via a letter that her policy did not cover the claimed water

2

damage or the expense needed to repair or replace the plumbing line.  *Id.*  GeoVera specifically referenced the Water Damage Endorsement in its denial letter.  *Id.*

In January 2021, Pitts brought this action in state court seeking a declaratory judgment that her policy with GeoVera covered the access-to-repair costs associated with repairing the plumbing issue.  *Id.* at 5.  Two months later, in March 2021, GeoVera served a "safe harbor" letter pursuant to section 57.105 of the Florida Statutes, which threatened a motion for sanctions against Pitts if she did not voluntarily dismiss her complaint.  (Doc. 94 at 3; Doc. 94-1; Doc. 96 at 2).  When Pitts, through her counsel, advised GeoVera that she did not believe her action was frivolous and did not form a proper basis for sanctions, GeoVera filed a motion in April 2021 seeking such relief.  (Doc. 94 at 3; Doc. 96 at 2).  GeoVera also filed a motion to dismiss the action in its entirety.  (Doc. 96 at 2).

The state court denied GeoVera's motion to dispose of the case after reviewing a recommendation provided by a magistrate.  *Id.* at 2–3; (Doc. 94-1).  In the magistrate's recommendation (which the state court adopted), the magistrate stated that "a simple review of Pitts'[s c]omplaint and the applicable law reveals she has stated a legally sufficient claim for relief."  *Id.*

Soon thereafter, in August 2021, GeoVera removed the action to this Court based on the Court's diversity jurisdiction.  (Doc. 83 at 5).  Following discovery, the parties filed competing motions for summary judgment that largely centered on the issue of whether Pitts's policy with GeoVera covered the access-to-repair costs associated with the December 2020 water overflow incident.  (Docs. 51, 52).  This

issue of contractual interpretation, in turn, rested on the clarity of the language in the applicable portions of Pitts's policy.  (Doc. 83 at 17) (noting that a policy provision which is "clear and unambiguous" should be enforced according to its terms) (quoting *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005)).  GeoVera argued that the requested access-to-repair costs were foreclosed by both the Water Damage Endorsement and a separate exclusion in the policy pertaining to "existing damage."  *Id.* at 17–18.  Pitts countered there was an explicit access-to-repair exception in the policy that was "separate," "distinct," and "entirely independent" from the Water Damage Endorsement and that the endorsement was thus inapplicable to her insurance claim or, at the very least, was ambiguous on the matter.  *Id.* at 21–22.  Pitts also maintained that the access-to-repair costs were necessary because the leak in the property's plumbing system could not be fixed without first removing "portions of the undamaged floor and walls" which stood in the way of the work to be done on the compromised piping.  *Id.* at 17.

After careful review, I issued a thirty-five page R&R recommending, in relevant part, that GeoVera be awarded summary judgment based on the Water Damage Endorsement but not on the "existing damage" exclusion.  *Id.* at 14–33.  In doing so, I found that the language in the pertinent provisions of Pitts's policy, upon close inspection and when read together, was unambiguous and supported GeoVera's claim that the policy did not cover the access-to-repair costs for which Pitts sought reimbursement.  *Id.* at 14–30.  The presiding district judge—the Honorable Virginia M. Hernandez Covington—adopted this recommendation in a subsequent Order,

4

agreeing that there was "no ambiguity in the insurance policy regarding the availability of access-to-repair coverage."  (Doc. 92).[1]  Judge Covington thereafter directed the Clerk of Court to enter judgment in GeoVera's favor and to close the case.  *Id.*  The Clerk of Court entered Judgment for GeoVera the next day.  (Doc. 93).

The instant motion for attorneys' fees and costs followed.  (Doc. 94).  Pitts responded in opposition to this motion (Doc. 96) and, with the Court's permission, GeoVera filed a reply to Pitts's response (Docs. 98, 99).  I subsequently heard oral argument on the matter, after which I directed the parties to confer further in light of the observations I offered at that proceeding.  (Doc. 103).  The parties did so and then filed a joint notice stating that although they were unable to reach an agreement on the question of fees, they resolved their dispute regarding the issue of costs.  (Doc. 104).  The parties advised in this respect that they stipulated to GeoVera's entitlement to $2,293.39 in costs and that Pitts consented to a judgment for costs in this amount. *Id.*  The sole item before the Court is therefore GeoVera's fee request.

## II.

In this District, Local Rule 7.01 creates a bifurcated process for parties seeking a post-judgment award of attorneys' fees and related non-taxable expenses.  M.D. Fla. R. 7.01(a).  Under this provision, a party must first timely move the Court for a determination of the party's entitlement to such reimbursement.  M.D. Fla. R. 7.01(b).  If the Court grants that motion, the fee applicant must—within forty-five days of the

---

[1] Because Judge Covington's Order adopted the R&R, I will—where appropriate—refer to the Order and the R&R collectively as the Court's decision for the sake of simplicity.

Court's order—submit a supplemental motion that complies with certain requirements.  M.D. Fla. R. 7.01(c).

Citing Local Rule 7.01, GeoVera now requests that the Court issue an order declaring its right to attorneys' fees and costs pursuant to Florida Statute § 57.105, Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent authority.  (Doc. 94).[2]  Each of these bases for relief will be addressed in turn.

A.

In diversity cases such as this, the right to attorneys' fees is determined by state law.  *Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., Inc.*, 270 F. App'x 962, 963 (11th Cir. 2008)[3] (per curiam) (citing *All Underwriters v. Weisberg*, 222 F. 3d 1309, 1311 (11th Cir. 2000)).  The Florida statutory section upon which GeoVera relies here, section 57.105(1), provides, in pertinent part, that a court shall award attorneys' fees "to the prevailing party where the court finds that the claim or defense was either 'not supported by the material facts necessary to establish the claim or defense,' or '[w]ould not be supported by the application of then-existing law to those material facts.'"  *Brannon v. Westgate Resorts, Inc.*, 2021 WL 2515223, at *6 n.6 (M.D. Fla. Jan. 5, 2021) (quoting Fla. Stat. § 57.105(1)(a)–(b)), *report and recommendation adopted*, 2021 WL 2515203 (M.D. Fla. Feb. 9, 2021).[4]

---

[2] I have reordered GeoVera's argument for purposes of my analysis.

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

[4] Florida Statute § 57.105(1) states, in particular:

Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in

The goal of section 57.105 "is to discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through attorney[s'] fees awards on losing parties who engage in these activities." *In re Mills*, 829 F. App'x 938, 941 (11th Cir. 2020) (per curiam) (citations omitted). Echoing decisions of the state courts in Florida, however, the Eleventh Circuit has cautioned that "[r]elief under section 57.105 'must be applied carefully to ensure that it serves the purpose for which it was intended, which [is] to deter frivolous pleadings.'" *Id.* (quoting *Wendy's of N.E. Fla., Inc. v. Vandergriff*, 865 So.2d 520, 523 (Fla. Dist. Ct. App. 2003)).

Consistent with this purpose, courts have construed section 57.015 to authorize a grant of attorneys' fees only where an action was "'frivolous or so devoid of merit both on the facts and the law as to be *completely* untenable.'" *Id.* (emphasis added) (quoting *Murphy v. WISU Props., Ltd.*, 895 So. 2d 1088, 1093–94 (Fla. Dist. Ct. App. 2004)); *see also Unisource Discovery, Inc. v. Unisource Discovery, LLC*, 2021 WL 4992885, at *2 (S.D. Fla. Aug. 27, 2021) (quoting *MC Liberty Express, Inc. v. All Points Servs., Inc.*, 252 So. 3d 397, 403 (Fla. Dist. Ct. App. 2018)); *Acosta v. Miami Dade Cnty.*, 2021 WL 5474143, at *2 (S.D. Fla. Nov. 23, 2021) (noting that "[a]ttorney's fees are awarded

---

equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

(a) [w]as not supported by the material facts necessary to establish the claim or defense; or

(b) [w]ould not be supported by the application of then-existing law to those material facts.

Fla. Stat. § 57.105(1)(a)–(b).

under section 57.105(1) [only] where there is a *total* or *absolute* lack of justiciable issues of either law or fact") (emphasis added) (quoting *Weatherby Assocs., Inc. v. Ballack*, 783 So. 2d 1138, 1141 (Fla. Dist. Ct. App. 2001)).  As relevant here, this threshold "'is not equivalent to the standard required to prevail on a summary judgment'" motion. *Unisource Discovery, LLC*, 2021 WL 4992885, at *2 (quoting *Resnick v. Cty. Line Auto Ctr., Inc.*, 639 So. 2d 1091, 1092 (Fla. Dist. Ct. App. 1994)).  As a result, the fact that "a party 'was successful in obtaining . . . summary judgment in an action" is not enough by itself to warrant relief under section 57.105.  *In re Mills*, 829 F. App'x at 941 (quoting *Wendy's of N.E. Fla.*, 865 So. 2d at 523); *see also Army Aviation Heritage Found. & Museum, Inc. v. Buis*, 504 F. Supp. 2d 1254, 1268 (N.D. Fla. 2007) ("[A]n award of fees is not always appropriate under section 57.105 even when the party seeking fees was successful in obtaining . . . summary judgment in an action.").

Further, the operative time frame for the determination as to whether a lawsuit was frivolous or completely untenable is the commencement of the litigation.  *Id.* (quoting Fla. Stat. § 57.105(3)(a)).  As one court has explained:

> [The] dismissal of a suit does not necessarily justify an attorney[s'] fee award [pursuant to section 57.105] if the suit can be considered to have been non-frivolous at its inception.  *If a suit can pass muster at the time it is initially presented, subsequent developments that render the claim without justiciable merit in law or fact should not subject the losing party to attorney[s'] fees*.

*Stelor Productions, L.L.C. v. Silvers*, 2006 WL 8435228, at *13 (S.D. Fla. July 18, 2006) (emphasis added) (quoting *Langford v. Ferrera*, 823 So. 2d 795, 796–97 (Fla. Dist. Ct. App. 2001)), *report and recommendation adopted*, 2006 WL 8435227 (S.D. Fla. Oct. 4,

2006); *see also Austin & Laurato, P.A. v. State Farm Fla. Ins. Co.*, 229 So. 3d 911, 912–13 (Fla. Dist. Ct. App. 2017) (per curiam).

In the end, a court must strictly construe section 57.105.  *Sunshine Boating Ctr., Inc. v. Heuer*, 709 So.2d 625, 626 (Fla. Dist. Ct. App. 1998).  And on appeal, a court's resolution of a section 57.105 fee motion is reviewed for an abuse of discretion.  *See Graef v. Dames & Moore Grp., Inc.*, 857 So. 2d 257, 258 (Fla. Dist. Ct. App. 2003); *Davis v. Williams Air Conditioning & Heating, Inc.*, 765 So. 2d 114, 114 (Fla. Dist. Ct. App. 2000).

Here, GeoVera asserts it is entitled to attorneys' fees under section 57.105(1) because the Court found that Pitts's policy "unambiguously" excluded access-to-repair coverage and because "the undisputed record evidence shows that [Pitts's] claim for damages was unsupported by the facts and applicable law." (Doc. 94 at 12–13).  This contention fails.

As an initial matter, although not mentioned, much less briefed, by GeoVera in its submissions, it appears that attorneys' fees may not be awarded under section 57.105(1)(b) "against a represented party."  Fla. Stat. § 57.105(3)(c); *Davis v. Bailynson*, 268 So. 3d 762, 767 (Fla. Dist. Ct. App. 2019) (observing that "section 57.105(3)(c) clearly states that attorney[s'] fees cannot be levied upon a *party*[ ] where the basis for attorney[s'] fees pursuant to section 57.105 is subsection (1)(b) and [where it is asserted that] the claim or defense is not supported by the application of then-existing law to the material facts").  As such, it seems that GeoVera may only seek fees against Pitts's counsel under section 57.105(1)(b).

9

Irrespective of this threshold issue, GeoVera's argument overstates the breadth of the Court's ruling. While it is true that the Court ultimately concluded there was "no ambiguity in the insurance policy regarding the availability of access-to-repair coverage" (Doc. 92 at 2–3), it did not at any point make a finding that Pitts's position on the matter crossed the frivolity threshold or was "so devoid of merit both on the facts and the law as to be completely untenable," *In re Mills*, 829 F. App'x at 941. Indeed, the Court arrived at its determination only after an extensive and detailed analysis that consumed approximately half of the R&R and required the Court to construe several complex and overlapping provisions in the policy.

Moreover, GeoVera's contention appears to impermissibly equate the examination of whether an insurance contract is unambiguous with the frivolity inquiry. In essence, GeoVera seemingly posits that whenever a party prevails on a claim that such a contract lacks ambiguity, the opposing party's argument to the contrary must automatically be deemed to be patently untenable and thus subject the losing party to a section 57.105 fee award. GeoVera conspicuously does not cite any authority that stands for this sweeping proposition.

Pitts's reliance on *Wainwright, et al. v. GeoVera Specialty Ins. Co.*, No. CACE18007204 (Fla. Cir. Ct. Dec. 14, 2020)—which was issued roughly one month prior to the beginning of this litigation—further undermines GeoVera's section 57.105 claim. (Doc. 83 at 29–30). As the Court recognized in resolving the parties' competing summary judgment motions, the ruling in *Wainwright* was "arguably" supportive of Pitts's assertion that she was entitled to the disputed access-to-repair costs. *Id.*

10

Although the Court distinguished the facts in *Wainwright* from those present here, the Court tacitly acknowledged that *Wainwright* could be read broadly to buttress Pitts's contention.[5]  *Id.*  And even aside from *Wainwright*, Pitts presented sufficient facts and legal argument in her summary judgment filings to substantiate her position, at least as far as section 57.105 is concerned.

B.

GeoVera's alternative argument that it is entitled to attorneys' fees pursuant to Rule 11 (Doc. 94 at 14–15) likewise fails.  Sanctions imposed under Rule 11 are analogous to fees awarded under section 57.105, as "[t]he two have the same goal—to discourage baseless filings."  *Acosta v. Miami Dade Cnty.*, 2021 WL 6010460, at *4 (S.D. Fla. Oct. 21, 2021), *report and recommendation adopted*, 2021 WL 5474143 (S.D. Fla. Nov. 23, 2021).

Rule 11 sanctions are appropriate only "when a party files a pleading: (1) 'that has no reasonable factual basis'; (2) 'that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law'; or (3) 'in bad faith for an improper purpose.'"  *Adams v. Austal, U.S.A., L.L.C.*, 503 F. App'x 699, 703 (11th Cir. 2013) (per curiam) (quoting *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003)).  In deciding whether such

---

[5] At oral argument, GeoVera maintained that Pitts's failure to dismiss her lawsuit after the issuance of the decisions in *Panettieri v. People's Trust Insurance Co.*, 2022 WL 2962558 (Fla. Dist. Ct. App. 2022) and *GeoVera Specialty Ins. Co. v. Glasser*, 337 So. 3d 8 (Fla. Dist. Ct. App. 2022) supports its claims for fees under section 57.105.  This assertion is unavailing because, among other things, the opinions in *Panettieri* and *Glasser* were issued well after the inception of this action and, as noted above, the analysis of the merits of a case for purposes of section 57.105 is when the suit was filed.

relief is proper, a court must evaluate "whether the non-moving party's claims [were] objectively frivolous," and "whether counsel should have been aware that they were frivolous." *Id.* (citing *Jones v. Int'l Riding Helmets, Ltd.,* 49 F.3d 692, 695 (11th Cir. 1995)). Under the first prong of this analysis, a court must "'determine whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified.'" *Id.* (quoting *Kaplan*, 331 F.3d at 1255).

In support of its fee request under Rule 11, GeoVera directs the Court to the sanctions motion it filed in the state court action and then summarily asserts it is entitled to such relief now. (Doc. 94 at 15). This attempt by GeoVera to incorporate by reference a prior motion submitted in a different forum is improper under the Court's Local Rules because—at a minimum—it effectively defeats the twenty-five page limit imposed by Rule 3.01(a). M.D. Fla. R. 3.01(a) (stating that the length of a motion must be "no longer than twenty-five pages inclusive of all parts"); *see also Venerus v. Avis Budget Car Rental, LLC*, 2021 WL 9595511, at *4 n.3 (M.D. Fla. July 28, 2021). It also ignores the fact that "Rule 11 does not apply to pleadings filed before removal." *Acosta*, 2021 WL 5474143, at *3 (citing *Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1091 (11th Cir. 1994)).

GeoVera's Rule 11 request suffers from other procedural infirmities as well. Rule 11 contains a safe harbor provision that must be satisfied before a party can seek sanctions under the rule. *See* Fed. R. Civ. P. 11(c)(2). This safe harbor provision demands that a party formally serve the opposing party with a copy of the proposed Rule 11 motion at least twenty-one days prior to filing the motion with the court. *Id.*

12

The purpose of this requirement is to allow the party against whom the sanctions are sought an opportunity to withdraw the offending document(s).  *See* 5A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1337.2 (2010); *Allison v. Parise*, 2014 WL 1763205, at *6 (M.D. Fla. Apr. 30, 2014) (noting that the court had previously dismissed a Rule 11 motion because it failed to comply with the safe harbor provision and stating that the court "strictly construes the procedural requirements of Rule 11"); *Geico Gen. Ins. Co. v. Hampel*, 2012 WL 204284, at *2 (S.D. Fla. Jan. 6, 2012) ("Courts consistently have held that 'strict compliance with Rule 11 is mandatory.'") (quoting *In re Pratt*, 524 F.3d 580, 588 (5th Cir.2008)), *report and recommendation adopted*, 2012 WL 204176 (S.D. Fla. Jan. 24, 2012).

If the party that is the target of the sanctions request fails to take corrective action within the twenty-one day grace period, then—and only then—may the Rule 11 applicant files its motion with the court.  *See* Fed. R. Civ. P. 11(c)(2).  Further, the applicant must file its Rule 11 motion promptly.  *Peer v. Lewis*, 606 F.3d 1306, 1313 (11th Cir. 2010).  And in no event may the Rule 11 applicant submit its motion after the "'final judgment or rejection of the offending'" paper(s).  *Alhassid v. Nationstar Mortg., LLC*, 2018 WL 3387693, at *2 (S.D. Fla. July 11, 2018) ("The Eleventh Circuit . . . has made clear that the service and filing of a motion for sanctions must occur prior to final judgment or judicial rejection of the offending motion.") (quoting *In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008); *see also* Fed. R. Civ. P. 11 advisory committee notes to 1993 amendment ("Ordinarily the motion should be served

promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely.").

Here, GeoVera appears to assert that it complied with Rule 11's safe harbor provision because it served and filed its section 57.105 motion in the state court before this case was removed.  (Doc. 99 at 4–5).  GeoVera, however, cites no case law to support this contention, and the only relevant authority on the issue of which I am aware runs counter to it.  *See NCC Business Services, Inc. v. Lemberg & Associates, LLC*, 2015 WL 5553773, at *3 (M.D. Fla. Sept. 18, 2015) ("Given the strict construction owed to the procedural requirements of Rule 11, the [c]ourt finds [the d]efendant's service of a motion for sanctions pursuant to state law insufficient for purposes of Rule 11.").

Even were the Court to accept GeoVera's argument, GeoVera did not file its Rule 11 motion promptly, and it certainly did not submit the motion prior to the Court's resolution of the parties' summary judgment motions.  *Flogrown, LLC v. Dixie Heritage, LLC*, 2019 WL 1904895, at *3 (M.D. Fla. Apr. 10, 2019) ("The service and filing of a [Rule 11] motion for sanctions must occur prior to final judgment or rejection of the offending motion.") (citing *In re Walker*, 532 F.3d at 1309; *Alhassid*, 2018 WL 3387693 at *2), *report and recommendation adopted*, 2019 WL 1901900 (M.D. Fla. Apr. 29, 2019); *Schilling v. Playa Del Sol Ass'n*, 2017 U.S. Dist. LEXIS 53040, at *7 (S.D. Fla. Apr. 5, 2017) ("We are bound to follow the majority rule that the Eleventh Circuit has expressly adopted and conclude that the filing of the Rule 11 motion after the case was dismissed renders the motion defective because it was not 'filed' prior to

14

the dismissal of the action[.]"); *Sure Fill & Seal, Inc. v. GFF, Inc.*, 2010 WL 3063287, at

*8 (M.D. Fla. July 6, 2010) ("[A] party cannot delay serving its Rule 11 motion until

conclusion of the case.") (quotation marks and citation omitted).  GeoVera's attempts

to circumvent the promptness issue are unpersuasive, and it notably fails to address

the fact that it filed its sanctions motion post-judgment.

No doubt aware of these procedural defects, GeoVera asserted at oral argument

for the first time that it wished to invoke Rule 11(c)(3) as a basis for its sanctions

request.  Rule 11(c)(3) provides that, "[o]n its own, the court may order an attorney,

law firm, or party to show cause why conduct specifically described in the order has

not violated Rule 11(b)."  Fed. R. Civ. P. 11(c)(3).  A court, however, may not award

sanctions against a party under Rule 11(c)(3) without first issuing a show cause order

and allowing the party an opportunity to be heard.  *Wilkerson v. Grinnell Corp.*, 2022

WL 1731436, at *4 (S.D. Ga. May 3, 2022).

GeoVera's belated reliance on Rule 11(c)(3) is meritless.  As an initial matter,

"[b]y definition, a court responding to a motion is not acting sua sponte."  *Peer*, 606

F.3d at 1313.  Putting this aside, because no show cause order has been entered here,

an award of sanctions pursuant to Rule 11(c)(3) at this juncture would seem to be

procedurally barred.

In addition to these procedural deficiencies, which alone are fatal, GeoVera's

Rule 11 contention fails for the same reasons as its section 57.105 argument.  While

GeoVera urges the Court to find that Pitts's access-to-repair claim was objectively

without legal merit at the time she filed her case, this is simply not true, as discussed

above.  And given the intricate parsing of the policy language that the Court had to undertake in resolving Pitts's claim and the case authority—though distinguishable—Pitts was able to marshal in defense of her position, I cannot find that Pitts's access-to-repair contention was objectively frivolous, and that counsel should have been aware that it was frivolous.  *Adams*, 503 F. App'x at 703; *see also Produce Pay Inc. v. Agrosale, Inc.*, 2021 WL 8895283, at *5 (S.D. Fla. Aug. 10, 2021) (finding that Rule 11 sanctions were not appropriate against a defendant even though the defendant's position was based both on an "erroneous interpretation" of the rule at issue in the action and an "inapposite line of cases"), *report and recommendation adopted*, 2021 WL 5050398 (S.D. Fla. Nov. 1, 2021).

C.

GeoVera's section 1927 request is likewise without merit.  Section 1927 states, in pertinent part:

> Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  As this language indicates, three elements must be met before a court may impose sanctions under section 1927: (1) an attorney must engage in "'unreasonable and vexatious'" conduct; (2) the "'unreasonable and vexatious'" conduct must multiply the proceedings; and (3) the sanctions cannot exceed the costs occasioned by the objectionable conduct.  *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1281 (11th Cir. 2010) (quoting *McMahan v. Toto,* 256 F.3d 1120, 1129 (11th Cir. 2001)).  In

16

other words, "'something more than a lack of merit'" is required under section 1927.

*Lacayo v. Puerta de Palma Condo. Ass'n Inc.*, 842 F. App'x 378, 382 (11th Cir. 2021) (per

curiam) (quoting *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003)).

The reason that section 1927 requires such a demanding showing is that it is

intended only "to sanction attorneys who willfully abuse the judicial process by

conduct tantamount to bad faith.'" *Id.* Bad faith is established where an attorney

"'knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that

needlessly obstruct the litigation of non-frivolous claims.'" *Id*. (quoting *Schwartz*, 341

F.3d at 1225); *see also Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1241 (11th

Cir. 2007) (citation omitted). This heightened "knowingly and recklessly" standard

essentially necessitates that the moving party demonstrate the other side engaged in

behavior which "'grossly deviates from reasonable conduct.'" *Hyde v. Irish*, 962 F.3d

1306, 1310 (11th Cir. 2020) (quoting *Amlong & Amlong*, 500 F.3d at 1240, 1242). The

assessment of whether a plaintiff's claim ultimately qualifies as frivolous under section

1927 involves a case-by-case analysis. *Head v. Medford*, 62 F.3d 351, 355 (11th Cir.

1995) (per curiam) (citing *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1188–90

(11th Cir. 1985)); *see also Adams*, 503 F. App'x at 703–04 (applying *Head* to a motion

for section 1927 sanctions).

GeoVera has not shown that Pitts proceeded in bad faith here for the reasons

explained earlier. In short, while it is true that the Court awarded summary judgment

to GeoVera, it did so only after engaging in a lengthy, involved, and careful

examination of a series of interwoven provisions in Pitts's policy pertaining to the

access-to-repair question.  (Doc. 83 at 14–30).  And although the Court concluded in the end that Pitts's arguments were unconvincing and the case law she cited was distinguishable, GeoVera does not point the Court to, nor have I found, any authority that instructs Pitts's position should be deemed frivolous simply because the contentions she made and the decisions upon which she relied were unpersuasive.  As a result, I find that Pitts and her attorney did not act unreasonably and vexatiously in pursuing their claims, and that GeoVera is thus not entitled to an award of attorneys' fees under section 1927.

## D.

GeoVera's final argument that the Court should exercise its inherent power to impose sanctions against Pitts in the form of attorneys' fees and costs is similarly unavailing.  "Federal courts possess potent inherent powers that [they] may use to fashion an appropriate sanction for conduct which abuses the judicial process." *Peer v. Lewis*, 571 F. App'x 840, 844 (11th Cir. 2004) (per curiam) (quotation marks and citation omitted).  "The key to unlocking a court's inherent power is a finding of bad faith." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017).  Recklessness alone does not satisfy this standard. *Id.* at 1223–24.  In fact, in the absence of direct evidence of subjective bad faith, this benchmark can only be satisfied "if an attorney's conduct is so egregious that it [must have been] committed in bad faith." *Id.* at 1224–25.

Where a party is found to have acted in bad faith, vexatiously, wantonly, or for oppressive reasons, a court may exercise its power to sanction it. *Id.* at 1223 (citing

18

*Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013)).  A court, however, must utilize its inherent authority with restraint.  *Id.*

GeoVera's request for fees pursuant to the Court's inherent authority meets the same fate as its section 1927 fee request.  *Eldredge v. EdCare Mgmt., Inc.*, 766 F. App'x 901, 907 n.4 (11th Cir. 2019) (per curiam) (quoting *Amlong & Amlong*, 500 F.3d at 1239 and citing *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1178 n.6 (11th Cir. 2005)).  This is because the standard for imposing sanctions under section 1927 is either "broader than" or the same as the "standard for imposing sanctions pursuant to a district court's inherent authority." *Id.* (quoting *Amlong & Amlong*, 500 F.3d at 1239).  Accordingly, because GeoVera is not due attorneys' fees under section 1927, it is not entitled to fees under the Court's inherent authority.[6]

E.

There is one final item that warrants the Court's attention.  In her response, Pitts asks that the Court impose sanctions on GeoVera if it determines that Pitts is the prevailing party on GeoVera's fee motion or that GeoVera's motion itself was filed for an improper purpose.  (Doc. 96 at 18–21).  This request does not conform to the Local Rules, *see* M.D. Fla. R. 3.01(a), and is also unsupported.

---

[6] GeoVera's complaints about Pitts's discovery demands are wanting.  The mere fact that Pitts sought discovery in this case does not mean GeoVera is entitled to fees.  *See Lawrence v. MS & RE Kesef Corp.*, 2013 WL 12246355, at *8 (S.D. Fla. Feb. 5, 2013) (finding that fees were not warranted under section 1927 simply because a party conducted "unnecessary discovery").  This is particularly true since GeoVera relied upon depositions in its summary judgment motion, which undermines its apparent assertion that Pitts's claims could have been resolved without any discovery.  *See, e.g.*, (Doc. 51 at 9, ¶¶ 19, 21).

III.

Based upon the foregoing, I respectfully recommend:

(1)     GeoVera's motion for a determination of its entitlement to attorneys' fees and costs (Doc. 94) be granted in part and denied in part as follows: (a) GeoVera's motion be granted as to its claim to entitlement to costs in the amount of $2,293.39 (Doc. 104); and (b) GeoVera's motion be denied in all other respects.

(2)     Pitts's request that the Court impose sanctions on GeoVera be denied.

(3)     The Clerk of Court be directed to enter judgment in favor of GeoVera on the issue of costs in the amount of $2,293.39.

Respectfully submitted this 5th day of July 2023.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Virginia M. Hernandez Covington, United States District Judge
Counsel of record